**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-3077

R. RAY SPURGIN,

        Plaintiff,

v.

TWIN CITY FIRE INSURANCE COMPANY, d/b/a THE HARTFORD,

        Defendant.

---

**NOTICE OF REMOVAL**

---

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332, Defendant Twin City Fire Insurance Company hereby removes this action from the Colorado District Court, Larimer County, to the United States District Court for the District of Colorado. In support of this Notice of Removal, Defendant states as follows:

1. On or about October 23, 2014, Plaintiff filed a Complaint and Jury Demand in the Larimer County District Court, Case Number 2014CV31060 ("State Court Action"); Plaintiff originally served the Complaint on October 24, 2014. Plaintiff did not attach his Exhibit 1 to the version of the Complaint served on the 24th; Plaintiff re-served the Complaint on October 28, 2014 with Exhibit 1 included. Plaintiff also re-served the Complaint on November 5, 2014. On November 3, 2014, Plaintiff filed an Amended Complaint; Plaintiff served the Amended Complaint on November 7, 2014. A

true and correct copy of the November 7th state court filings is attached hereto as Exhibit 1, including the Summons, Civil Case Cover Sheet, Complaint, Amended Complaint and Notice of Service of Process.  A true and correct copy of the October 24th state court filings are also attached hereto as Exhibit 2 for the Court's reference.  The Larimer County District Court is located within this Court's geographical jurisdiction.

    2.    This Court's original jurisdiction over this matter is grounded in 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different States.

    3.    Plaintiff R. Ray Spurgin is a resident of the State of Colorado.  Ex. 1, Complaint, at ¶ 1.

    4.    Twin City is a corporation incorporated under the laws of the State of Indiana, with its principal place of business in Hartford, Connecticut.

    5.    Thus, for purposes of diversity jurisdiction, Plaintiff and Twin City are citizens of different states.  *See* 28 U.S.C. § 1332(a)(1) & (c)(1); *Nance v. Certain Underwriters at Lloyds*, 393 F. Supp. 2d 1115, 1120 (D.N.M. 2005) ("[A] determination of the existence of diversity jurisdiction is made based on the allegations set forth in a complaint or notice of removal") (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972)).

    6.    Regarding the amount in controversy, Plaintiff's principal allegation is that Twin City unreasonably denied and delayed paying uninsured/underinsured motorist benefits up to the policy limits.  Ex. 1, Complaint, at ¶¶ 33, 59-60, 79, 84, 91.  In connection with this allegation, Plaintiff seeks economic and noneconomic damages as

follows: uninsured/underinsured motorist coverage up to the limit of the policy, or $1,000,000; statutory damages under C.R.S. §§ 10-3-1115 through 1116 for allegedly delayed payments and unpaid coverage; punitive damages; and compensation for present and future pain and suffering, emotional injuries, and loss of enjoyment of life. *Id.* at ¶¶ 33, 79, 93.

7. These damages total significantly more than the jurisdictional limit of $75,000. First, Plaintiff is claiming he is entitled to "the UIM policy limits of $1,000,000" for his losses. *Id.* at ¶ 33. In fact, Plaintiff himself represented to the Larimer County District Court that he is seeking a monetary judgment for more than $100,000. Ex. 1, Civil Cover Sheet, at ¶ 2.

8. On top of that amount, Plaintiff claims he is entitled to recover an amount "two times the covered benefits." Ex. 1, Complaint, at ¶ 79; *see also* C.R.S. § 10-3-1116(1). Accordingly, Plaintiff seeks damages totalling at least $2,000,000.

9. Finally, while Plaintiff does not list any exact amount he is seeking for his alleged non-economic losses, *i.e.*, pain and suffering, under Colorado law, the limit of such damages is $500,000. C.R.S. § 13-21-102.5(3)(a).

10. Accordingly, this Court has original jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332, and this action may be removed to this Court under 28 U.S.C. § 1441(b).

11. Twin City was served with the Complaint in this matter on October 24, 2014. Thus, removal is timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v.*

*Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding that time for removal is not triggered until a pleading is properly served).

12. Twin City has attached copies of all pleadings, process, and orders served on the parties to this action.

13. Twin City will provide written notice of this Notice of Removal to all adverse parties and will file a copy of this notice with the Clerk of the First Judicial District of the State of Colorado.

WHEREFORE, Twin City notifies this Court, Plaintiff, and the First Judicial District of the State of Colorado that this action has been removed to the United States District Court for the District of Colorado.

Dated:  November 14, 2014.

> */s/  Cynthia Mitchell*
> Cynthia Mitchell
> Alice Warren-Gregory
> SHOEMAKER GHISELLI + SCHWARTZ LLC
> 1811 Pearl Street
> Boulder, CO  80302
> Telephone:  (303) 530-3452
> FAX:  (303) 530-4071
> Email:  cmitchell@sgslitigation.com
> Email:  awarren-gregory@gslitigation.com
> *Counsel for Defendant Twin City Fire*
> *Insurance Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 14th day of November, 2014, a true and accurate copy of the foregoing **NOTICE OF REMOVAL** was served via ECF on the following:

Steven R. Shanahan
Shanahan Law Firm, P.C.
P.O. Box 271999
Fort Collins, Colorado 80527
E-Mail: steve@steveshanahanlaw.com


                                                  *s/ Sarah B. Lee*