# EXHIBIT 1

 **CT Corporation**

**Service of Process Transmittal**
11/07/2014
CT Log Number 526036306

TO:     Michael Johnson, Legal Assistant
        The Hartford
        One Hartford Plaza, HO-1-09
        Hartford, CT 06155

RE:     **Process Served in Colorado**

FOR:    Hartford Fire Insurance Company (Domestic State: CT)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | R. Ray Spurgin, Pltf. vs. Hartford Fire Insurance Company, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s), Cover Sheet, Notice, Amended Complaint, Certificate of Service |
| **COURT/AGENCY:** | Larimer County District Court, CO<br>Case # 2014CV |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Denver, CO |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/07/2014 at 14:57 |
| **JURISDICTION SERVED :** | Colorado |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Steven R. Shanahan<br>Shanahan Law Firm, P.C.<br>PO Box 271999<br>Fort Collins, CO 80527<br>970-204-9999 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 11/10/2014, Expected Purge Date: 11/15/2014<br>Image SOP<br>Email Notification, Michael Johnson MICHAEL.JOHNSON@THEHARTFORD.COM<br>Email Notification, Massimo Fraschilla Massimo.Fraschilla@thehartford.com |
| **SIGNED:** | The Corporation Company |
| **ADDRESS:** | 1675 Broadway<br>Suite 1200<br>Denver, CO 80202 |
| **TELEPHONE:** | 855-483-2021. |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
11/07/2014
CT Log Number 526036306

TO: Michael Johnson, Legal Assistant
The Hartford
One Hartford Plaza, HO-1-09
Hartford, CT 06155

RE: **Process Served in Colorado**

FOR: Hartford Fire Insurance Company (Domestic State: CT)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summons, Complaint, Cover Sheet | By Process Server on 10/24/2014 at 14:44 | Michael Johnson, Legal Assistant The Hartford | 525950443 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



| DISTRICT COURT, LARIMER COUNTY, COLORADO | |
|---|---|
| **Court Address:** Larimer County Justice Center 200 LaPorte Avenue, Suite 100 Fort Collins, Colorado 80524 | DATE FILED: October 23, 2014 5:26 PM FILING ID: C3FA47C72A51E CASE NUMBER: 2014CV31060 |
| | ▴ **COURT USE ONLY** ▴ |
| Plaintiff:   **R. RAY SPURGIN** | Case #:  2014 CV _____ |
| Defendant:   **HARTFORD FIRE INSURANCE COMPANY, a/k/a THE HARTFORD** | Courtroom:   _____ |
| Attorney Contact Information: Steven R. Shanahan Shanahan Law Firm, P.C. PO Box 271999  Fort Collins, CO 80527  Phone #: 970-204-9999 Fax #:    970-226-2111 E-mail:    Steve@SteveShanahanLaw.com CO Attorney Registration #:  14893 | |
| **SUMMONS** | |

**THE PEOPLE OF THE STATE OF COLORADO TO HARTFORD FIRE INSURANCE COMPANY, a/k/a THE HARTFORD, THE DEFENDANT NAMED ABOVE:**

You are summoned and required to file with the clerk of this court an answer or other response to the attached complaint.  If service of the summons and complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 20 days after such service upon you.  If service of the summons and complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 30 days after such service upon you.

If you fail to file your answer or other response to the complaint in writing within the applicable time period, judgment by default may be entered against you by the court for the relief demanded in the complaint without any further notice to you.

Page 1 of 2

Dated this 23rd day of October, 2014

Shanahan Law Firm, P.C.

Steven R. Shanahan(CO AR# 14893)

This summons is issued pursuant to Rule 4, C.R.C.P., as amended.  A Copy of the
Complaint must be served with this summons.

| | |
|---|---|
| **DISTRICT COURT, LARIMER COUNTY, COLORADO**<br><br>Court Address:<br>Larimer County Judicial Center<br>200 LaPorte Avenue, Suite 100<br>Fort Collins, Colorado 80521 | DATE FILED: October 23, 2014 5:26 PM<br>FILING ID: C3FA47C72A51E<br>CASE NUMBER: 2014CV31060 |
| Plaintiff:   **R. RAY SPURGIN**<br><br>Defendant:   **HARTFORD FIRE INSURANCE COMPANY, a/k/a THE HARTFORD** | ▲ **COURT USE ONLY** ▲<br><br>Case Number: 2014 CV _____<br><br>Courtroom: _____ |
| Attorney Contact Information<br>Steven R. Shanahan<br>Shanahan Law Firm, P.C.<br>PO Box 271999<br>Fort Collins, CO 80527<br><br>Phone Number: 970-204-9999<br>Fax Number:   970-226-2111<br>E-mail:         Steve@SteveShanahanLaw.com<br>Atty. Reg.#:   14893 | |

## COMPLAINT and JURY DEMAND

R. Ray Spurgin, Plaintiff, by and through his attorney, Steven R. Shanahan, Shanahan Law Firm, P.C., hereby submits his Complaint and Jury Demand, and in support thereof states:

### I.   PARTIES

1.   The Plaintiff is a 53 year old man who at all times relevant to this matter resided in Fort Collins, Larimer County, Colorado.

2.   The Defendant, Hartford Fire Insurance Company is a Connecticut corporation that at all times relevant to this matter was authorized to do business in the State of Colorado (The Hartford).

### II.   JURISDICTION AND VENUE

3.   The Plaintiff was injured in a motor vehicle collision on October 27, 2008, in Fort Collins, Colorado.

4.   The Plaintiff filed suit against Jacob M. Bernal, the driver of the motor vehicle

Page 1 of  13

that caused the motor vehicle collision on October 27, 2008, in Larimer County District Court in Case No. 11 CV 1060 (Bodily Injury Lawsuit), and the lawsuit was subsequently settled on 12/17/2012 for Mr. Bernal's auto insurance policy personal injury liability limits with Geico Insurance.

5. The Plaintiff was at all times relevant to this matter a co-owner of Pro Well and Pump Service Inc. (Pro Well and Pump Service), headquartered in Fort Collins, Larimer County, Colorado.

6. Pro Well and Pump Service applied to Defendant for reissuance of a property and casualty insurance policy identified as Hartford Policy Number 22 UUV UG 8031, and the Defendant reissued the policy to Pro Well and Pump Service effective January 16, 2008 for the term commencing January 16, 2008 through January 16, 2009 (The Hartford Policy).

7. The Hartford Policy was reissued to Pro Well & Pump Service in Fort Collins, Colorado.

8. The Defendant has denied the Plaintiff's Underinsured Motorist coverage claim under The Hartford Policy.

9. The Court has personal and subject matter jurisdiction over the parties and subject matter of this lawsuit.

## III. ALLEGATIONS COMMON TO ALL CLAIMS

10. On October 27, 2008, at about 0729 a.m., a motor vehicle owned by Pro Well and Pump Service that was covered by The Hartford Policy and driven by the Plaintiff was rear ended by another motor vehicle driven by twenty year old Jacob M. Bernal in Fort Collins, Larimer County, Colorado (Auto Collision).

11. The Plaintiff was en route from his home to his place of work at the time of the Auto Collision.

12. The Hartford Policy was in full force and effect on October 27, 2008.

13. The motor vehicle driven by the Plaintiff on October 27, 2008, was listed on the 'Schedule of Covered Autos You Own' in The Hartford Policy.

14. The Plaintiff was an insured driver of a covered auto under The Hartford Policy on October 27, 2008 when the Auto Collision occurred.

15. Jacob M. Bernal was negligent and solely responsible for causing the Auto Collision.

16.   Jacob M. Bernal's negligence was the sole cause of the Plaintiff's injuries, damages and losses sustained by the Plaintiff in the Auto Collision.

17.   On the date of the Auto Collision, Jacob M. Bernal and the motor vehicle he was driving were insured under an auto insurance policy issued by Geico Insurance, with bodily injury liability insurance coverage of $100,000 per person per accident.

18.   On the date of the Auto Collision, Jacob M. Bernal was not covered by any other liability insurance policy or bond.

19.   As a result of the Auto Collision, the Plaintiff sustained lifetime injuries, damages and losses that are significantly greater than $100,000.

20.   On October 5, 2011, the Plaintiff filed a complaint against Jacob M. Bernal in the Larimer County Colorado District Court, in Case No. 2011 CV 1960, Courtroom 3C , alleging that Mr. Bernal was negligent and solely responsible for causing the Auto Collision; that the Plaintiff sustained injuries, damages and losses as the result of the Auto Collision; and that Mr. Bernal's negligence was the sole cause of the Plaintiff's injuries, damages and losses. (Bodily Injury Lawsuit).

21.   On October 6, 2011, the Plaintiff notified The Hartford in writing of the Bodily Injury Lawsuit and provided a copy of the Complaint and Jury Demand, Summons and Civil Case Cover Sheet that were filed with the Court in the Bodily Injury Lawsuit.

22.   Thereafter the Plaintiff informed The Hartford of the progress of the Bodily Injury Lawsuit by responding in a timely manner to The Hartford's requests for the status of the lawsuit, and by providing The Hartford with pleadings, disclosure and discovery documents, a copy of the Plaintiff's deposition, a copy of the Plaintiff's medical records (both before and after the Auto Collision), and other records related to the Bodily Injury Lawsuit.

23.   The Plaintiff sent The Hartford all of the documents identified in Exhibit 1 hereto on the dates indicated in Exhibit 1.

24.   The Hartford received and is in possession of all of the documents identified in Exhibit 1.

25.   In addition to all the medical records set forth in Exhibit 1, on January 20, 2014, in response to the Defendant's request, the Plaintiff provided the Defendant with a signed medical release and the names and addresses of the Plaintiff's care providers so that the Defendant could obtain the Plaintiff's medical records on its own.

26.   The Defendant requested and obtained medical records from four of the Plaintiff's medical care providers, and those records had been previously provided to the Defendant by the Plaintiff.

Requests for The Hartford's Consent to Settle Bodily Injury Claim and Lawsuit

27.   The Hartford Policy UIM Endorsement provides that UIM insurance coverage is excluded and does not apply to any claim settled without The Hartford's consent, except if a tentative settlement has been made, prompt written notice of the tentative settlement has been given to The Hartford, and the Hartford has advanced payment to its insured in an amount equal to the tentative settlement.

28.   On August 4, 2011; October 6, 2011; July 26, 2012; August 30, 2012, September 11, 2012; October 3, 2012; the Plaintiff requested in writing that The Hartford give its consent to the settlement of Plaintiff's bodily injury claim against Jacob M. Bernal.

29.   The Plaintiff's request for consent provided that The Hartford's consent would only apply if the settlement was for an amount that was not less than the sum of the liability insurance limits for all insurance policies that applied to the Auto Collision and covered Jacob M. Bernal.

30.   The Defendant denied or failed to respond to each of the Plaintiff's requests for settlement authority noted in paragraph 28 above.

31.   On October 24, 2012, the Plaintiff entered into a tentative settlement of the Bodily Injury Lawsuit for the Geico Insurance bodily injury policy limits of $100,000, subject to the Defendant's consent to the tentative settlement (Tentative Settlement).

32.   On October 24, 2012, the Plaintiff notified the Defendant in writing of the Tentative Settlement with Geico Insurance and requested that the Defendant promptly consent to the Tentative Settlement pursuant to The Hartford Policy's UM / UIM Endorsement requirement that the Plaintiff obtain The Hartford's consent to any tentative settlement of a third party bodily injury claim.

33.   On October 29, 2012, the Plaintiff submitted his claim to The Hartford for the UIM policy limits of $1,000,000 to reimburse the Plaintiff for injuries, damages and losses caused by the Auto Collision, subject to the Defendant's consent to the Tentative Settlement with Geico Insurance for its bodily injury liability policy limits of $100,000.

34.   On November 5, 7, 9, and 26, 2012, the Plaintiff requested in writing that the Defendant promptly consent to the Tentative Settlement.

35. The Defendant failed to reply or declined to consent to the Tentative Settlement as requested.

36. On December 1, 2012, the Defendant notified the Plaintiff in writing that the Defendant would not consent to the Tentative Settlement.

37. On December 5, 2012, the Plaintiff notified the Defendant's attorney in writing that if the Defendant continued to refuse to give its consent to the Tentative Settlement, the Plaintiff would bring a Declaratory Judgment Action against the Defendant to obtain a court order to determine whether the Defendant's consent to Tentative Settlement was required.

38. On December 5, 2012, the Defendant's attorney notified the Plaintiff in writing that the Defendant consented to the Tentative Settlement of the Plaintiff's Bodily Injury Lawsuit with Jacob M. Bernal and Geico Insurance.

39. On December 17, 2012, the Bodily Injury Lawsuit was settled by payment of $100,000 to the Plaintiff by Geico Insurance on behalf of its insureds, Jacob M. Bernal and Carlos M. Bernal; by the Plaintiff signing a settlement release; and by the filing of a Joint Stipulation for Dismissal With Prejudice.

40. On December 19, 2012, the Larimer County District Court entered an order dismissing the Bodily Injury Lawsuit with prejudice.

41. On January 26, 2013, The Hartford denied the Plaintiff's UIM Claim in its entirety, and made no offer of settlement.

42. On June 20, 2013, in response to a letter from the Plaintiff's attorney, The Hartford's claims representative, Cheryl Lake, made a verbal offer of settlement to pay the Plaintiff $10,000 in settlement of the Plaintiff's UIM Claim, an amount Ms Lake indicated was the "nuisance value" of the Plaintiff's UIM claim.

43. The Hartford's nuisance value offer of settlement was rejected by the Plaintiff in writing on June 25, 2013.

44. Thereafter, the Defendant has continued to deny the Plaintiff's UIM Claim in its entirety, leaving the Plaintiff no choice, but to bring suit against The Hartford for payment of the Plaintiff's UIM Claim.

Duty to Conduct a Reasonable Investigation of a UIM Claim

45. The Defendant has a duty to the Plaintiff and the Colorado public insured by the Defendant to conduct a reasonable investigation of any UIM claim based upon all the available evidence.

46.    The duty to conduct a reasonable investigation includes the duty to consult with
        qualified medical professionals when necessary before denying a UIM claim.

47.    The duty to consult with a qualified medical professional is necessary when one
        or more of the following circumstances exist:

        a.    When the UIM Claimant has provided the insurer with substantial medical
               and other evidence that supports the UIM claim; and

        b.    When the denial of the claim is based upon the medical opinions of an
               insurance company's claims representatives regarding complex medical
               matters that are beyond the education, training and experience of the
               insurer's claims representatives.

48.    The Plaintiff provided the Defendant with substantial medical and other evidence
        that supported the Plaintiff's UIM Claim as set forth in Exhibit 1.

49.    The Defendant's denial of the Plaintiff's UIM Claim was based upon the medical
        opinions of the insurance company's claims representatives regarding complex
        medical matters that are beyond the Defendant's claim representatives'
        education, training and experience.

50.    The Defendant never requested that the Plaintiff submit to an insurance medical
        exam by a qualified medical professional of The Hartford's choosing.

51.    The Defendant's claims representatives did not consult with a qualified medical
        professional before denying the Plaintiff's UIM Claim.

52.    The Defendant did not conduct a reasonable investigation of the Plaintiff's UIM
        Claim.

Insurer's Duty to Act in Good Faith

53.    The Hartford has a duty to the Plaintiff and to the Colorado public it insures, to
        act in good faith by promptly determining whether it should make an advance
        payment to a UIM claimant under The Hartford Policy UIM Claim Endorsement.

54.    The Hartford did not act in good faith when it failed to promptly determine
        whether it should make an advance payment to the Plaintiff.

55.    On August 14, 2012, The Hartford obtained an Investigation Report on Jacob M.
        Bernal and Carlos M. Bernal that indicated Jacob M. Bernal and Carlos M.
        Bernal were judgment proof.

56.    The Hartford obtained the Investigation Report on Jacob M. Bernal and Carlos

M. Bernal in order to help The Hartford determine whether or not it should make an advance payment to the Plaintiff.

57. The Hartford did not act in good faith when, after learning that Jacob M. Bernal and Carlos M. Bernal were judgment proof, the Hartford did not The Hartford failed to promptly determine that it would not make an advance payment to the Plaintiff

58. The Hartford did not act in good faith when it failed to promptly inform the Plaintiff that its background investigation of Jacob M. Bernal and Carlos M. Bernal indicated that Jacob and Carlos Bernal were judgment proof.

59. The Hartford has an obligation to the Plaintiff and to the Colorado public it insures to act in good faith by promptly giving its consent to a UIM claimant to settle the claimant's bodily injury claim for policy limits once The Hartford determines that it will not make an advance payment to a UIM claimant so that a UIM Claimant can be assured that the Hartford will not later deny the UIM Claim for failure to obtain The Hartford's consent.

60. Once The Hartford determined or should have determined that it would not make an advance payment to the Plaintiff, The Hartford did not act in good faith when it refused to promptly give its consent to the Plaintiff to settle the Bodily Injury Lawsuit for the Geico Insurance policy limits coverage of its insured, Jacob M. Bernal.

## Injuries Sustained as a Result of the Auto Collision

61. As the result of the Auto Collision the Plaintiff suffered injuries that impinge upon the nerves that run from his spinal column through his left chest, left shoulder, left arm and left hand.

62. These injuries have been diagnosed as left thoracic outlet syndrome and left pectoralis minor syndrome.

63. The Plaintiff's injuries, damages and losses include all of the following:

   a. Permanent, chronic, debilitating, moderate to severe pain and discomfort to the Plaintiff's left shoulder, left arm, left hand and fingers.

   b. Permanent physical disability to his left shoulder, left arm, left hand and fingers.

   c. Loss of income.

   d. Loss of earning capacity.

e.   Past and future medical expenses.

f.   Mental stress and depression.

g.   Loss of enjoyment of life.

h.   Re-education and training expenses.

I.   Moving costs to allow the Plaintiff to move to a warmer climate where the
pain and discomfort will not be as great as they are in a cold weather
climate such as Colorado.

j.   Cost of necessary services.

k.   Other damages and losses not yet known or anticipated.

## IV.   STATUTORY CLAIM PURSUANT TO COLORADO REVISED STATUTES 10-3-1101 ET SEQ FOR UNFAIR OR DECEPTIVE ACTS OR PRACTICES IN THE BUSINESS OF INSURANCE REGARDING THE PLAINTIFF'S UIM CLAIM

64.   The allegations set forth in paragraph 1 - 63 above are incorporated herein.

65.   The Defendant engaged in unfair or deceptive acts or practices in the business
of insurance regarding the Plaintiff's UIM Claim in violation of C.R.S. 10-3-
1104(1).

66.   The Defendant has an obligation to the Plaintiff and the Colorado public it
insures pursuant to C.R.S. 10-3-1104(1)(h)((IV) to conduct a reasonable
investigation of the Plaintiff's UIM Claim based upon all the available information.

67.   The Defendant willfully denied the Plaintiff's UIM Claim without conducting a
reasonable investigation of the claim based upon all available information in
violation of C.R.S. 10-3-1104(1)(h) (IV).

68.   The Defendant has an obligation to the Plaintiff and the Colorado public it
insures pursuant to C.R.S. 10-3-1104(1)(h)(VI) to attempt in good faith to
effectuate a prompt, fair, and equitable settlement of the Plaintiff's UIM Claim in
which liability has become reasonably clear.

69.   The Defendant did not attempt in good faith to effectuate a prompt, fair, and
equitable settlement of the Plaintiff's UIM Claim in which liability had become
reasonably clear in violation of C.R.S. 10-3-1104(1)(h)(VI).

70. The Defendant has an obligation under C.R.S. 10-3-1104(1)(h)(VII), to the Plaintiff and the Colorado public it insures, not to willfully compel its insured to institute litigation to recover amounts due under a Hartford insurance policy by denying an insured's claim when The Hartford knows or should know that there is a reasonable likelihood that an insured claimant will recover substantial amounts from the Defendant in a lawsuit.

71. The Defendant willfully compelled the Plaintiff to institute litigation to recover amounts due under The Hartford Policy by denying the Plaintiff's UIM Claim when the Defendant knew or should have known that there is a reasonable likelihood that the Plaintiff will recover substantial amounts from the Defendant in this lawsuit in violation of C.R.S. 10-3-1104(1)(h)(VII).

72. The Defendant has an obligation to the Plaintiff and the Colorado public it insures under C.R.S. 10-3-1104(1)(h)(VII), not to willfully compel an insured to institute litigation to recover amounts due under a Hartford insurance policy by offering to settle a UIM claim for an amount that the Defendant knows or should know is substantially less than the amount the Plaintiff is reasonably likely to recover in a lawsuit.

73. The Defendant willfully compelled the Plaintiff to institute litigation to recover amounts due under The Hartford Policy by offering to settle the Plaintiff's UIM Claim for an amount that the Defendant knows or should know is substantially less than the amount the Plaintiff is reasonably likely to recover in a lawsuit in violation of C.R.S. 10-3-1104(1)(h)(VII).

74. The Defendant has an obligation to the Plaintiff and the Colorado public it insures under C.R.S. 10-3-1104(1)(h)(XIV), to provide a reasonable explanation of the basis in a Defendant's insurance policy in relation to the facts or applicable law for denial of a UIM claim.

75. The Defendant willfully failed to provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of the Plaintiff's UIM Claim in violation of C.R.S. 10-3-1104(1)(h)(XIV)/

76. The Defendant has an obligation to the Plaintiff and the Colorado public it insures under C.R.S. 10-3-1104(1)(h)(XIV) to provide a reasonable explanation of the basis in a Defendant's insurance policy in relation to the facts or applicable law for an offer of a compromise settlement.

77. The Defendant willfully failed to provide to the Plaintiff a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the Defendant's offer to the Plaintiff of $10,000 for the so-called nuisance value of the Plaintiff's UIM Claim, in violation of C.R.S. 10-3-1104(1)(h)(XIV) .

78.    The Defendant has an obligation to the Plaintiff and the Colorado public it insures not to deny UIM benefits without a reasonable basis for doing so.

79.    The Defendant denied payment of UIM benefits to the Plaintiff without a reasonable basis for doing so.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendant for the injuries, damages and losses the Plaintiff sustained as a result of the Auto Collision that were not covered by the settlement of the Bodily Injury Lawsuit against Jacob M. Bernal, for two times the covered benefits as provided by C.R.S. 10-3-1116, for attorney fees and court costs, and for statutory interest as provided by law.

## V.    CLAIM FOR THE DEFENDANT'S BREACH OF THE HARTFORD INSURANCE POLICY CONTRACT BY DENYING THE PLAINTIFF'S UIM CLAIM.

80.    The allegations set forth in paragraph 1 - 79 above are incorporated herein.

81.    The Defendant entered into a contract, The Hartford Policy, with the Plaintiff to provide UIM insurance coverage to the Plaintiff.

82.    The Defendant failed to provide UIM insurance coverage to the Plaintiff when the Defendant denied the Plaintiff's UIM Claim.

83.    The Plaintiff substantially performed and complied with his part of the contract.

84.    The Defendant breached The Hartford Policy contract when it denied the Plaintiff's UIM Claim after receiving compensation from the Plaintiff for such insurance coverage.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendant for breach of contract; for the injuries, damages and losses the Plaintiff sustained as a result of the Auto Collision that were not covered by the settlement of the Bodily Injury Lawsuit against Jacob M. Bernal;  for attorney fees and court costs; and for statutory interest as provided by law.

## VI.    CLAIM REGARDING THE HARTFORD'S BAD FAITH BREACH OF ITS UIM INSURANCE CONTRACT PROMISES AND OBLIGATIONS

85.    The allegations set forth in paragraph 1 - 84 above are incorporated herein.

86.    The Plaintiff had injuries, damages and losses as the result of the Auto Collision that were not fully reimbursed by the settlement of the Auto Injury Lawsuit with

Geico Insurance.

87.    The Defendant acted unreasonably in investigating, administering, evaluating, and denying the Plaintiff's Underinsured Motorist coverage claim under The Hartford Policy.

88.    The Defendant's unreasonable failure to investigate, administer, and evaluate the Plaintiff's UIM claim resulted in the Defendant's denial of the Plaintiff's UIM Claim.

89.    The Defendant's unreasonable conduct included, but is not limited to the following:

    a.    The Defendant failed to consult with qualified medical professionals to evaluate complex medical matters that its claims representatives were unqualified to evaluate.

    b.    The Defendant repeatedly and unreasonably refused to consent to the Plaintiff's request to allow the Plaintiff to settle the Auto Injury Lawsuit against Jacob M. Bernal for the bodily injury liability coverage limits of Mr. Bernal's auto insurance policy with Geico Insurance.

    c.    The Defendant failed to promptly evaluate Jacob M. Bernal's assets, insurance coverage, earning capacity, and other financial matters to determine whether it should consent to the Plaintiff's repeated requests for consent to settle the Plaintiff's bodily injury lawsuit against Mr. Bernal.

    d.    The conduct and failures set forth as statutory breaches of bad faith in paragraphs 65 through 79 above

90.    The Defendant knew or recklessly disregarded the fact that its conduct in investigating, administering, and evaluating the Plaintiff's UIM Claim was unreasonable.

91.    The Defendant knew or recklessly disregarded the fact that its position in denying the payment of the Plaintiff's UIM Claim was unreasonable.

92.    The Defendant's unreasonable conduct and / or reckless disregard for the fact that its position was unreasonable was a cause of the Plaintiff's injuries, damages and losses.

93.    The Plaintiff sustained and continues to sustain the following injuries, damages and losses that have been caused by the Defendant's unreasonable and reckless disregard for the Defendant's conduct and position denying the Plaintiff's UIM Claim:

a.   An inability to pay for necessary surgery for injuries sustained in the Auto Collision;

b.   An inability to pay for other necessary medical care for the Plaintiff;

c.   An inability to pay for health insurance for the Plaintiff;

d.   An inability to pay for the necessities of life for the Plaintiff and his family;

e.   An inability to pay for necessary education and training for the Plaintiff to reenter the work force;

f.   Loss of income;

g.   Loss of earning capacity;

h.   Continuing chronic pain and suffering from the injuries sustained in the Auto Collision that could have been reduced by surgery and / or other medical care;

I.   The stress and cost of being forced to file and pursue a lawsuit against The Hartford to compel The Hartford to comply with its promises and obligations under the UIM coverage endorsement to The Hartford Policy.

k.   Mental stress, anguish and depression.

l.   Pain and suffering;

m.   Loss of enjoyment of life; and

n.   Other injuries, damages and losses not noted above.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendant for bad faith breach of contract; for the injuries, damages and losses the Plaintiff sustained as a result of the Auto Collision that were not covered by the settlement of the Bodily Injury Lawsuit against Jacob M. Bernal; for punitive damages; for attorney fees and court costs; and for statutory interest as provided by law.

VII.   **CLAIM FOR DECLARATORY JUDGMENT ACTION AGAINST THE HARTFORD PURSUANT TO RULE 57, C.R.C.P., REGARDING THE PLAINTIFF'S UNDERINSURED MOTORIST COVERAGE INSURANCE CLAIM UNDER THE HARTFORD POLICY.**

94.   The allegations set forth in paragraphs 1 - 93 above are incorporated herein.

95.   In the event that judgment is not entered in the Plaintiff's favor against the Defendant on one or more of the Claims IV - VI above, the Plaintiff submits his claim for a declaratory judgment action pursuant to Rule 57, C.R.C.P. to determine whether the Plaintiff's UIM Claim should be paid by The Hartford, and if so, in what amount.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in favor of the Plaintiff and against the Defendant for the injuries, damages and losses the Plaintiff sustained as a result of the Auto Collision that were not covered by the settlement of the Bodily Injury Lawsuit against Jacob M. Bernal; for attorney fees and court costs; and for statutory interest as provided by law.

### VIII.  JURY DEMAND

The Plaintiff hereby demands a trial to a jury.

Respectfully submitted this 23rd day of October, 2014.

SHANAHAN LAW FIRM, P.C.

Steven R. Shanahan (CO AR #14893)

Plaintiff's Current Address
Ray Spurgin
3522 Road #28
Cotopaxi, CO 81223

EXHIBIT 1 TO COMPLAINT

# MASTER INDEX OF DOCUMENTS PROVIDED TO:
# The Hartford – Updated: Aril 16, 2014

| DOC # | DESCRIPTION | START (RRS) | END (RRS) | DATE DISCLOSED |
|---|---|---|---|---|
|  | BI PL #1 Rule 26 Disclosure Certificate (8 pgs w/att) | ----- | ----- | 10/03/12 |
|  | BI PL #2 Rule 26 Disclosure Certificate (6 pgs w/att) | ----- | ----- | 10/03/12 |
|  | BI PL #3 Rule 26 Disclosure Certificate (6 pgs w/att) | ----- | ----- | 10/30/12 |
|  | BI PL #4 Rule 26 Disclosure Certificate (5 pgs w/att) | ----- | ----- | 10/30/12 |
| 101 | Traffic Accident Report dated 10/27/2008 | 0001 | 0005 | 08/04/11 |
| 102 | Traffic Accident Report dated 12/16/2006 | 0809 | 0818 | 10/24/11 |
| 201 | The Hartford - Insurance Policy | 1134 | 1295 | 10/03/12 |
| 202 | GEICO DF Insurace Policy Certification dated 05/07/2012 | 1322 | 1326 | 10/30/12 |
| 203 | GEICO DF Property Damage Repair Estimate and Photos | 1327 | 1347 | 10/30/12 |
| 204 | GEICO PL Recorded Interview Transcript | 1348 | 1355 | 10/30/12 |
| 205 | GEICO Claim File (10/28/2008 to 05/01/2012) | 1356 | 1401 | 10/30/12 |
| 300 | Medical Fact Chronology, dated November 01, 2012 | No Bates Number | | 11/01/12 |
| 301A | Medical Center of the Rockies - Medical Records | 0006 | 0039 | 08/04/11 |
| 301B | Medical Center of the Rockies - Medical Records Update | 0595 | 0666 | 10/24/11 |
| 302 | Tusken Chiropractic - Medical Records | 0040 | 0062 | 08/04/11 |
| 303A | Orthopaedic Center of the Rockies - Medical Records | 0063 | 0181 | 08/04/11 |
| 303B | Orthopaedic Center of the Rockies - Missing PT Record for 03/03/09 | 0591 | 0594 | 10/24/11 |
| 303C | Orthopaedic Center of the Rockies - Medical Images (CD) | 0667 | 0669 | 10/24/11 |
| 303D | Orthopaedic Center of the Rockies - Medical Records Update | 0670 | 0671 | 10/24/11 |
| 304 | Upper Extremity Rehabilitation - Medical Records | 0182 | 0190 | 08/04/11 |
| 305A | Denver Vascular Surgical Associates - Medical Records | 0191 | 0235 | 08/04/11 |
| 305B | Denver Vascular Surgical Associates - Medical Records Update - 08/27/12 | 0958 | 0967 | 10/03/12 |
| 305C | Denver Vascular Surgical Associates - Medical Records Update - 07/23/13 | 1438 | 1441 | 07/31/13 |
| 305D | Denver Vascular Surgical Assocaites - Medical Records Update through 04/14/2014 | 1540 | 1557 | 04/16/14 |
| 306A | Poudre Valley Hospital and Radiology - Medical Records | 0236 | 0276 | 08/31/11 |
| 306B | Poudre Valley Health System Radiology - Medical Images (CD) | 0672 | 0674 | 10/24/11 |
| 307 | North Side Chiropractic - Medical Records | 0277 | 0282 | 08/31/11 |
| 308 | Urgent Care at Miramont - Medical Records | 0283 | 0314 | 08/31/11 |
| 309 | Walgreens Rx Records | 0675 | 0698 | 10/24/11 |
| 310 | Walmart Rx Records | 0699 | 0719 | 10/24/11 |
| 311 | DFs Rule 35, C.R.C.P. Independent Medical Exam by Dr. Brian D. Lambden, M.D. on 08/27/2012 and Addendum on 09/19/12 | 1402 | 1424 | 10/30/12 |
| 350 | Poudre Valley Foot & Ankle - Medical Records | 0582 | 0590 | 09/15/11 |
| 351 | Urological Associates - Medical Records | 0721 | 0746 | 10/24/11 |
| 352 | Urology Center of the Rockies - Medical Records | 0747 | 0754 | 10/24/11 |
| 353 | Associates in Family Medicine - Medical Records | 0755 | 0760 | 10/24/11 |

# MASTER INDEX OF DOCUMENTS PROVIDED TO:
# The Hartford – Updated: Aril 16, 2014

| DOC # | DESCRIPTION | START (RRS) | END (RRS) | DATE DISCLOSED |
|---|---|---|---|---|
| 354 | Colorado Rehabilitation & Occupational Medicine - Medical Records | 0761 | 0764 | 10/24/11 |
| 355 | Vascular Institute of the Rockies - Medical Records | 0765 | 0768 | 10/24/11 |
| 356 | Alpine Ear Nose & Throat - Medical Records | 0769 | 0808 | 10/24/11 |
| 357 | Great Falls Orthopedic Associates - Medical Records | 0819 | 0849 | 10/24/11 |
| 358 | River's Edge Physical Therapy - Medical Records | 0850 | 0857 | 10/24/11 |
| 359 | Benefis Health System - Medical Records and Billing | 0858 | 0927 | 11/04/11 |
| 360 | First Care Physicians, L.L.P. - Medical Records | 0928 | 0945 | 11/04/11 |
| 361 | San Luis Valley Regional Medical Center - Medical Records (page 0946 - Revised 03 Nov 11) | 0946 | 0951 | 11/04/11 |
| 362 | Alamosa County Public Health Department - Medical Records | 0952 | 0956 | 11/04/11 |
| 363 | Dr. Aida Figueroa - Medical Records | 0957 | 0957 | 11/04/11 |
| 364 | Pinnacol Assurance - Workers Compensation Records - None on File | 1127 | 1133 | 10/03/12 |
| 365 | Colorado Division of Workers Compensation - Prior WC Claims - None | 1314 | 1321 | 10/03/12 |
| 400A | Itemized Medical Billing - 09/14/11 | 0575 | 0581 | 09/15/11 |
| 400B | Itemized Medical Billing - 09/27/12 | 1305 | 1313 | 10/03/12 |
| 400C | Itemized Medical Billing - 07/31/13 | 1442 | 1450 | 07/31/13 |
| 401A | Poudre Valley Health System - Medical Billing | 0315 | 0316 | 08/31/11 |
| 401B | Poudre Valley Health System (PVHS) - Medical Billing Update | 0548 | 0559 | 09/15/11 |
| 402A | Emergency Physicians of the Rockies - Medical Billing | 0317 | 0321 | 08/31/11 |
| 402B | Emergency Physicians of the Rockies - Medical Billing Updated | 0560 | 0574 | 09/15/11 |
| 403 | Advanced Medical Imaging Consultants - Medical Billing Updated (page 0323 - Rev 09/14/11) | 0322 | 0326 | 08/31/11 |
| 404 | Northside Chiropractic - Medical Billing | 0327 | 0329 | 08/31/11 |
| 405 | Tusken Chiropractic & Accupuncture - Medical Billing | 0330 | 0332 | 08/31/11 |
| 406 | Orthopaedic Center of the Rockies | 0333 | 0365 | 08/31/11 |
| 407 | Upper Extremity Rehabilitation - Medical Billing | 0366 | 0375 | 08/31/11 |
| 408A | Denver Vascular Surgical Associates - Medical Billing (pages 0377-0378 - Rev 09/14/11) | 0376 | 0386 | 08/31/11 |
| 408B | Denver Vascular Surgical Associates - Medical Billing Update | 1296 | 1304 | 10/03/12 |
| 408B | Denver Vascular Surgical Associates - Medical Billing Update Voided 04/13/13 - Replaced by Document 408D | 1296V | 1304V | 07/31/13 |
| 408C | Estimate of the Cost of Thoracic Outlet Syndrome Surgery - Denver Vascular Surgical Associates | 1425 | 1437 | 10/30/12 |
| 408D | Denver Vascular Surgical Associates - Medical Billing Update 2 (Replaces Document 408B) | 1451 | 1467 | 07/31/13 |
| 408E | Denver Vascular Surgical Associates - Medical Billing Update 3 | 1468 | 1470 | 07/31/13 |
| 409 | Urgent Care at Miramont - Medical Billing | 0387 | 0397 | 08/31/11 |
| 501A | Earned Income (2005 - 2010) | 0398 | 0421 | 08/31/11 |
| 501B | 2006 W-2 Wage and Tax Statement | 0547 | 0547 | 09/15/11 |
| 501C | Earned Income (2005 - 2010), Revised 09/14/2011 | 0399 R | 0399 R | 09/15/11 |
| 501D | Earned Income (2005 - 2013), Revised 04/04/2014 | 1532 | 1533 | 04/09/14 |

# MASTER INDEX OF DOCUMENTS PROVIDED TO:
## The Hartford – Updated: Aril 16, 2014

| DOC # | DESCRIPTION | START (RRS) | END (RRS) | DATE DISCLOSED |
|-------|-------------|-------------|-----------|----------------|
| 502 | Federal Joint Income Tax Returns for Tax Years 2004 - 2010 | 0422 | 0546 | 08/31/11 |
| 502B | 2011 and 2012 Federal and Colorado Income Tax Returns | 1471 | 1531 | 04/09/14 |
| 503 | Secretary of State - Pro Well & Pump Service LLC Corporate Record | 0968 | 0972 | 10/03/12 |
| 504 | Drilling Operation Manager Job - March 2014 | 1534 | 1539 | 04/09/14 |
| 701 | Deposition of Ray Spurgin on 08/28/2012 | 0988 | 1126 | 10/03/12 |
| 901 | Ray Spurgin Passport, 01-27-09 to 01-26-19 | 0973 | 0985 | 10/03/12 |
| 902 | Ray Spurgin Tanzania Res Permit Class B No. 105249 | 0986 | 0987 | 10/03/12 |

| | |
|---|---|
| DISTRICT COURT, LARIMER COUNTY, COLORADO<br><br>Court Address:<br>Larimer County Justice Center<br>200 LaPorte Avenue, Suite 100<br>Fort Collins, CO 80521 | DATE FILED: October 23, 2014 5:26 PM<br>FILING ID: C3FA47C72A51E<br>CASE NUMBER: 2014CV31060 |
| Plaintiff:   **R. RAY SPURGIN**<br><br>Defendant:   **HARTFORD FIRE INSURANCE COMPANY, a/k/a THE HARTFORD** | ▲ **COURT USE ONLY** ▲<br><br>Case #: 2014 CV _____<br><br>Courtroom:        _____ |
| Attorney Contact Information:<br>Steven R. Shanahan<br>Shanahan Law Firm, P.C.<br>PO Box 271999<br>Fort Collins, CO 80527<br><br>Phone Number: 970-204-9999<br>Fax Number:   970-226-2111<br>E-mail:          Steve@SteveShanahanLaw.com<br>Atty. Reg.#:    14893 | |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT** | |

The Plaintiff, by and through his attorney, Steven R. Shanahan of the Shanahan Law Firm, P.C., hereby submits his District Court Civil Case Cover Sheet for Initial Pleading of the Complaint, as follows:

1.   This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third party complaint in every district court civil (CV) case.

2.   Simplified Procedure under C.R.C.P. 16.1, **does not apply** to this case because the Plaintiff is seeking a monetary judgement greater than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs (See C.R.C.P. 16.1 c )).

3.   This party makes a **Jury Demand** at this time and pays the requisite fee.  See C.R.C.P. 38.

Dated this 23rd day of October, 2014.

SHANAHAN LAW FIRM, P.C.

Steven R. Shanahan (CO AR# 14893)

---

**NOTICE**

✓ This cover sheet must be filed in all District Court Civil (CV) Cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

✓ This cover sheet must be served on all other parties along with the initial pleading of a complaint, counterclaim, cross-claim, or third party complaint.

✓ This cover sheet shall not be considered a pleading for purposes of C.R.C.P. 11.

| District Court, Larimer County, Colorado<br>201 LaPorte Avenue, Suite 100<br>Ft Collins, CO 80521-2761 | |
|---|---|
| | DATE FILED: October 24, 2014<br>CASE NUMBER: 2014CV31060 |
| Plaintiff(s):<br>R. RAY SPURGIN<br><br>v.<br><br>Defendant(s):<br>HARTFORD FIRE INSURANCE<br>COMPANY, a/k/a THE HARTFORD | ▲   **COURT USE ONLY**   ▲ |
| | Case Number: 14CV31060<br><br>Courtroom: 5A |

## NOTICE JUDICIAL CIVIL CASE MANAGEMENT

All civil cases are subject to judicial screening and case management. This case is assigned to Judge DEVIN R ODELL - 5A.   Trial will not be set until the Court determines that a trial setting is appropriate.  Within 30-40 days of filing, your case will be reviewed and appropriate orders sent to counsel and pro se parties

It is imperative that all returns of service be filed promptly with the Court, so that the Court, when reviewing the case, can accurately assess its status.

Plaintiff's counsel shall provide a copy of this notice to all counsel (or pro se parties) who enter appearances.

The Civil Case Cover Sheet (JDF 601) required pursuant to C.R.C.P. 16.1 was to be included with your initial pleading.  If it was not included, it must be filed within 15 days from the date of this notice.

Dated October 24, 2014.


Chief Judge Stephen J Schapanski


Copies sent to:      ATP     via JPOD



Revised 8/25/04

| | |
|---|---|
| **DISTRICT COURT, LARIMER COUNTY, COLORADO**<br><br>Court Address:<br>Larimer County Judicial Center<br>200 LaPorte Avenue, Suite 100<br>Fort Collins, Colorado 80521 | DATE FILED: November 3, 2014 4:19 PM<br>FILING ID: 71FF440AD4853<br>CASE NUMBER: 2014CV31060 |
| **Plaintiff:   R. RAY SPURGIN**<br><br>**Defendant:   TWIN CITY FIRE INSURANCE COMPANY, d/b/a THE HARTFORD**<br><br>**Vice**<br>**Defendant:   HARTFORD FIRE INSURANCE CO., aka THE HARTFORD** | ▲**COURT USE ONLY**▲<br><br>Case Number: 2014 CV 31060<br><br>Courtroom:     5A |
| Attorney Contact Information<br>Steven R. Shanahan<br>Shanahan Law Firm, P.C.<br>PO Box 271999<br>Fort Collins, CO 80527<br><br>Phone Number: 970-204-9999<br>Fax Number:    970-226-2111<br>E-mail:              Steve@SteveShanahanLaw.com<br>Atty. Reg.#:       14893 | |
| **AMENDED COMPLAINT** | |

R. Ray Spurgin, Plaintiff, by and through his attorney, Steven R. Shanahan, Shanahan Law Firm, P.C., hereby submits his Amended Complaint and in support thereof states:

1.   The Plaintiff's Complaint and Jury Demand was filed on October 23, 2014.

2.   No answer or other responsive pleading has been filed in this case.

3.   Until an answer or other responsive pleading has been filed in the case the Plaintiff may amend his complaint without motion or leave of the court.

4.   Paragraphs 1 through 95 of the Plaintiff's Complaint and Jury Demand, together with all prayers for relief, are incorporated herein as if set forth below.

5.   Hartford Fire Insurance Co. d/b/a The Hartford (Hartford Fire), previously named as the defendant in this matter, was the underwriting company for property, general liability, inland marine coverage for Hartford Insurance Policy #22 UUV UG 8031.

6.   Twin City Fire Insurance Company (Twin City) is an Indiana corporation authorized to do business in Colorado at all times relevant to this matter.

7.   Twin City, not Hartford Fire Insurance Co. (Hartford Fire), was the auto insurance underwriter of Hartford Insurance Policy # 22 UUV UG 8031 that was issued to Pro Well and Pump Service that was in force and effect on October 27, 2008.

8.   Since this complaint involves auto insurance underwritten by Twin City, Twin City, not Hartford Fire should be and hereafter shall be the named defendant.

9.   Twin City and Hartford Fire are wholly owned subsidiaries and affiliates of Hartford Financial Services Inc.

10.   Hartford Financial Services Inc., Twin City and Hartford Fire, collectively do business as The Hartford.

11.   The Plaintiff hereby substitutes Twin City Fire Insurance Company d/b/a The Hartford, as the sole defendant herein.

12.   Wherever in the Plaintiff's initial Complaint and Jury Demand, Hartford Fire Insurance Co. d/b/a The Hartford is identified, Twin City Fire Insurance Company d/b/a The Hartford is hereby substituted therefor.

13.   The caption in this case hereafter shall indicate that the defendant is Twin City Fire Insurance Company d/b/a The Hartford, and not Hartford Fire Insurance Co. d/b/a The Hartford.

Respectfully submitted this 3rd day of November, 2014.

SHANAHAN LAW FIRM, P.C.

Steven R. Shanahan (CO AR# 14893)

## CERTIFICATE OF SERVICE

The foregoing Amended Complaint was served on November 3, 2014, upon by the Integrated Colorado Court Efiling System (ICCES) by electronic means upon the following:

Cynthia Mitchell (CO AR #21974)
Shoemaker Ghiselli & Schwartz LLC
1811 Pearl Street
Boulder, CO 80302

_Tanya J. Henkel_